BUFFINGTON'S IRON BLDG. CO. v. EUSTIS.

(Circuit Court, D. Minnesota, Fourth Division.  May 1, 1894.)

PATENTS—LIMITATION—IRON-BUILDING CONSTRUCTION.
>  The Buffington patent, No. 383,170, for improvements in iron-building construction, if valid at all, must, in view of the prior art, be limited to the form and arrangement described in the specifications.

This was a bill by the Buffington's Iron-Building Company against William H. Eustis for alleged infringement of a patent.

P. H. Gunckel, for complainant.

D. F. Morgan and A. C. Paul, for defendant.

NELSON, District Judge.    This suit is brought to recover damages for an infringement of letters patent No. 383,170, granted May 22, 1888, to Leroy S. Buffington, for "improvements in iron-building construction." He states: "My invention relates to fireproof buildings, composed chiefly of iron." The usual defenses are made by the defendant.    The foundation of this controversy, as stated by counsel for complainant, is a claim for iron-building construction, combining masonry and iron in such a manner that the metal is largely used to carry the entire load of the completed building, whereas formerly the masonry was the principal supporting body of the completed building, and the iron columns, girts, etc., were used merely to stiffen it, while tending to make it fireproof or less combustible.    In other words, the patent is for an improved plan of constructing iron and masonry fireproof buildings, and the 14 claims described in the specification constitute the plan of the patent.

The patentee states that the objects of his invention are mainly:

> "First, the construction of an iron building in a manner that will practically obviate undue expansion and contraction during the extremes of heat and cold; second, a novel construction and arrangement of the main structure, and of the stairs and elevator shafts, whereby there is attained the necessary strength and stability, together with compactness, and the utilization of the space to the best advantage; and, third, an improved plan of floors, and means of bracing the iron beams in fireproof floors in such structures."

The framing posts of the structure are composed of iron or steel plates,—laminated posts.    The joints of these plates are broken, so as to make the framing posts continuous, and by the omission, at proper intervals, of the outer plate, the posts taper from the foundation to the roof.

The bill of complaint alleges that the defendant has infringed, in the construction of an iron and masonry building in the city of Minneapolis, the seventh, eighth, and thirteenth claims of the patent, which are as follows:

> (7) In a building frame, a series of continuous framing posts, composed of metal plates secured with their flat sides together, and breaking joints, in combination with girts and tiebeams secured thereto at each floor, substantially as set forth.

(8) The combination, with the laminated posts, of the continuous girts secured thereto, and the tiebeams, also secured thereto and to one another, substantially as set forth.

(13) The combination, with the posts and girts, of the angle plates connecting them, and forming supports for the veneer shelves.

All the material parts of the combination are old. Continuous laminated metal posts, metal tie girts, and angle pieces had been used before the patentee adopted this plan of construction. It was not a new discovery that iron and steel were susceptible to the extremes of heat and cold, and that, when used in the construction of bridges, towers, and other structures, this difficulty would be encountered at the outset, and must be obviated to a greater or less extent. The patentee claims by his improvement in construction to have practically obviated the effect of this expansion and contraction of iron or steel used in buildings. He cannot and does not claim that he was the first and original inventor of an iron and masonry building,—that is, a building composed of any kind of iron or metal and mason work, having exterior walls of masonry of suitable material, supported at proper intervals upon the framework; but, he claims to have made an improvement in such structures, consisting of his alleged novel construction and combination of parts described in his specification. Buildings composed entirely of metal, or composed of iron frames encased in concrete, had been described in letters patent before this patent issued to complainant; and these buildings were tied to and bound with the girts connected with the posts by angle pieces riveted thereto, so as to make a complete and durable structure. See patents of Butz, 1884; Sisson & Wetmore, 1872; Fryer, 1869; and Hardy, 1875.

It is doubtful if Buffington's patent is not merely for an aggregation of separate elements, as distinguished from a patentable combination; but, if it be the latter, then, in view of the state of the art, it must be restricted and limited to the form and arrangement described in his specification. Looking at these three claims, which it is charged the defendant has infringed, it is found that the defendant's building has no such specified arrangement of tiebeams and girts, and no such framing posts are used, as are described in the Buffington specification. The defendant, according to the evidence, makes his framing posts of a central iron plate, with what are called Z-shaped irons, riveted thereto. While this possibly may be a laminated plate, from the fact that one plate of iron has another plate lying over a part of it, it is not the framing post composed of metal plates secured with their flat sides together, and breaking joints, described in the Buffington specification. The same may be said of the tiebeams and girts. They are not secured and connected to the posts, nor are they arranged in the same manner as is described in complainant's patent.

In my view, the complainant is limited to the manner of connecting these parts set forth in his specification. The construction of defendant's building, as given in the testimony, upon the view taken by me of the extent of complainant's patent, does not infringe

either one of the seventh, eighth, or thirteenth claims, and a decree must be entered dismissing the bill, with costs. Ordered accordingly.